UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ABERCROMBIE, | 1:11-cv-00048-GSA-PC |
| Plaintiff, | ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO EFFECT SERVICE UPON DEFENDANT KAUT |
| vs. | |
| DR. KAUT, et al., | (Doc. 22.) |
| Defendants. | THIRTY DAY DEADLINE |

I.     **RELEVANT PROCEDURAL HISTORY**

Richard Abercrombie ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on January 11, 2011.  (Doc. 1.)  On January 27, 2011, Plaintiff consented to the jurisdiction of a Magistrate Judge under 28 U.S.C. § 636(c), and no other parties have appeared in this action.  (Doc. 5.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

1

This action now proceeds on Plaintiff's initial Complaint filed on January 11, 2011, against sole defendant Dr. Richard M. Kaut ("Defendant"), for denial of medical care in violation of the Eighth Amendment.  (Doc. 1.)  On January 21, 2014, the United States Marshal ("Marshal") filed a return of service unexecuted, indicating the Marshal was unable to locate Defendant for service of process.  (Doc. 22.)

## II.    SERVICE BY UNITED STATES MARSHAL

Pursuant to Rule 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(2).  "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'"  Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'"  Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate.  Walker, 14 F.3d at 1421-22.

### _Background_

On January 13, 2012, the Court issued an order directing the Marshal to initiate service of process upon Defendant in this action.  (Doc. 13.)  On April 19, 2013, the Marshal filed a return of service unexecuted as to Defendant.  (Doc. 15.)  The return of service indicated that

on January 18, 2012, the Marshal mailed service documents to Defendant at Corcoran District Hospital ("CDH"), at the address provided by Plaintiff.  Id.  On February 6, 2012, the mail was returned, indicating that Defendant was not at that address.  Id.  On June 14, 2012, the Marshal again attempted service by mail using a new address for Defendant, without success.  Id.  On October 24, 2012, the Marshal sent the service documents to Defendant using a P.O. Box address.  Id.  On March 21, 2013, after receiving no response from Defendant, the Marshal forwarded the service documents for personal service.  Id.  The Marshal attempted personal service on March 28, 2013, and discovered that Defendant has not been a tenant at the address used since 2009.  Id.

On April 22, 2013, the Court issued an order for Plaintiff to show cause why this case should not be dismissed for failure to effect service upon defendant Kaut pursuant to Rule 4(m).  (Doc. 16.)  On May 13, 2013, Plaintiff responded and provided the Court with two new addresses for defendant Kaut, (1) 2107 Livingston Street, Ste. A, Oakland, CA 94606, and (2) 6222 Seminary Ave., Oakland, CA  94605.  (Doc. 18.)  On May 15, 2013, the Court was informed by the Marshal that personal service was attempted at the Livingston Street address in March 2013, without success.  On January 21, 2014, the Marshal filed a return of service unexecuted as to Defendant.  (Doc. 22.)  The return of service indicated that on June 18, 2013, the Marshal mailed service documents to Defendant at 6222 Seminary Ave., Oakland, CA 94605.  Id.  On January 7, 2014, after receiving no response from Defendant, the Marshal forwarded the service documents for personal service.  Id.  The Marshal attempted personal service on January 16, 2014 and found that Defendant was not recognized at that address.  Id.

Pursuant to Rule 4(m), the Court will provide Plaintiff with another opportunity to show cause why Defendant Kaut should not be dismissed from the action at this time for inability to serve process.  Plaintiff has not provided sufficient information to identify and locate Defendant for service of process.  The Marshal has made multiple attempts to locate this Defendant at addresses provided by Plaintiff, without success.  If Plaintiff is unable to provide the Marshal with additional information, Defendant Kaut shall be dismissed from the action, which will result in the dismissal of this action in its entirety.

**III.    CONCLUSION**

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Kaut should not be dismissed from this action pursuant to Rule 4(m), dismissing this action in its entirety; and

2.      The failure to respond to this order or the failure to show cause will result in the dismissal of this action in its entirety.

IT IS SO ORDERED.

Dated:   **February 27, 2014**              **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE

4