UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ABERCROMBIE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DR. KAUT, et al.,<br><br>　　　　Defendants. | 1:11-cv-00048-GSA-PC<br><br>ORDER DISMISSING SOLE DEFENDANT KAUT FROM THIS ACTION FOR PLAINTIFF'S FAILURE TO EFFECT SERVICE, AND DISMISSING THIS ACTION IN ITS ENTIRETY<br><br>ORDER FOR CLERK TO CLOSE CASE |

## I.　RELEVANT PROCEDURAL HISTORY

Richard Abercrombie ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 11, 2011. (Doc. 1.) On January 27, 2011, Plaintiff consented to the jurisdiction of a Magistrate Judge under 28 U.S.C. § 636(c), and no other parties have appeared in this action. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

This action now proceeds on Plaintiff's initial Complaint, against sole defendant Dr. Richard M. Kaut ("Defendant"), for denial of medical care in violation of the Eighth Amendment.[1] (Doc. 1.) On August 7, 2014, the United States Marshal ("Marshal") filed a return of service unexecuted, indicating the Marshal was unable to locate Defendant for service of process. (Doc. 33.)

## II.   SERVICE BY UNITED STATES MARSHAL

Pursuant to Rule 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

///

///

---

[1] On January 5, 2012, the court dismissed all remaining claims and defendants from this action, based on Plaintiff's failure to state a claim under § 1983. (Doc. 11.)

***Background***

On January 13, 2012, the Court issued an order directing the Marshal to initiate service of process upon the sole defendant in this action, Defendant Dr. Kaut. (Doc. 13.) On April 19, 2013, the Marshal filed a return of service unexecuted as to Defendant. (Doc. 15.) The return of service indicated that on January 18, 2012, the Marshal mailed service documents to Defendant at Corcoran District Hospital, at the address provided by Plaintiff. Id. On February 6, 2012, the mail was returned, indicating that Defendant was not at that address. Id. On June 14, 2012, the Marshal again attempted service by mail using a new address for Defendant, without success. Id. On October 24, 2012, the Marshal sent the service documents to Defendant using a P.O. Box address. Id. On March 21, 2013, after receiving no response from Defendant, the Marshal forwarded the service documents for personal service. Id. The Marshal attempted personal service on March 28, 2013, and discovered that Defendant has not been a tenant at the address used since 2009. Id.

On April 22, 2013, the Court issued an order for Plaintiff to show cause why this case should not be dismissed for failure to effect service upon defendant Kaut pursuant to Rule 4(m). (Doc. 16.) On May 13, 2013, Plaintiff responded and provided the Court with two new addresses for defendant Kaut, (1) 2107 Livingston Street, Ste. A, Oakland, CA 94606, and (2) 6222 Seminary Ave., Oakland, CA 94605. (Doc. 18.) On May 15, 2013, the Court was informed by the Marshal that personal service had already been attempted at the Livingston Street address in March 2013, without success. On January 21, 2014, the Marshal filed a return of service unexecuted as to Defendant. (Doc. 22.) The return of service indicated that on June 18, 2013, the Marshal mailed service documents to Defendant at 6222 Seminary Ave., Oakland, CA 94605. Id. On January 7, 2014, after receiving no response from Defendant, the Marshal forwarded the service documents for personal service. Id. The Marshal attempted personal service on January 16, 2014 and found that Defendant was not recognized at that address. Id.

On February 27, 2014, the Court issued another order for Plaintiff to show cause why this case should not be dismissed for failure to effect service upon defendant Kaut. (Doc. 23.)

On March 17, 2014, Plaintiff filed a response to the Court's order, providing copies of information obtained as a result of internet search. (Doc. 24.) On March 21, 2014, the court ordered Plaintiff to file a declaration providing evidence of Defendant Kaut's current address, or the case would be dismissed. (Doc. 25.) On April 17, 2014, Plaintiff filed a declaration signed under penalty of perjury, informing the Court that Dr. Kaut is currently working at a new, current address in Susanville, California. (Doc. 31.) On April 22, 2014, the court issued an order directing the Marshal to re-attempt service upon Dr. Kaut at the Susanville address. (Doc. 32.) On August 7, 2014, the Marshal filed a return of service unexecuted as to Defendant Kaut. (Doc. 33.) The return of service indicates that on April 28, 2014, the Marshal mailed service documents to Defendant at 1800 Spring Ridge Drive, Susanville, CA 96130. Id. On May 28, 2014, the mail was returned as undeliverable with a notation "RTS – Refused." Id. The Marshal then forwarded the service documents for personal service. Id. The Marshal attempted personal service at the Susanville address on August 4, 2014, without success, finding that the "subject hasn't been there 10 years," with no forwarding address. Id.

### *Discussion*

Plaintiff has been granted multiple opportunities during the past year and has not provided sufficient information to locate Defendant Dr. Kaut for service of process. The Marshal has made three attempts, at the court's direction, to locate this Defendant at addresses provided by Plaintiff, without success. As discussed above, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22. The court finds that Plaintiff is unable to locate Defendant Kaut, and any further attempts at service of process would be futile. The court cannot continue to expend its scarce resources assisting a litigant who cannot locate the sole defendant against whom his case proceeds. Plaintiff was forewarned in the court's order of March 21, 2013, that if he could not provide a valid current address for Defendant, this case would be dismissed in its entirety. (Doc. 25 .)

///

### III. CONCLUSION

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Defendant Kaut is DISMISSED from this action, based on Plaintiff's failure to effect service pursuant to Rule 4 of the Federal Rules of Civil Procedure;
2. This case is DISMISSED in its entirety based on the dismissal of the sole defendant; and
3. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: **August 8, 2014**              **/s/ Gary S. Austin**
                               UNITED STATES MAGISTRATE JUDGE