UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ABERCROMBIE,<br><br>          Plaintiff,<br><br>     vs.<br><br>DR. KAUT, et al.,<br><br>          Defendants. | 1:11-cv-00048-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>ORDER DENYING MOTION FOR STAY AND MOTION FOR LEAVE TO AMEND AS MOOT<br><br>ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY<br><br>(Doc. 36.) |

**I.      RELEVANT PROCEDURAL HISTORY**

Richard Abercrombie ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 11, 2011.  (Doc. 1.)

On August 11, 2014, the undersigned dismissed the sole defendant, Dr. Kaut, from this action, based on Plaintiff's failure to effect service under Rule 4 of the Federal Rules of Civil Procedure, dismissing this action in its entirety.  (Doc. 34.)  On August 27, 2014, Plaintiff filed a motion for reconsideration of the dismissal order, a motion for leave to amend the complaint, motion for stay of the proceedings, and a request for a certificate of appealability.  (Doc. 36.)

1

## II.     MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

///

### III.   MOTION FOR STAY, MOTION FOR LEAVE TO AMEND

In light of the court's ruling herein on Plaintiff's motion for reconsideration, the motion for stay and motion for leave to amend shall be denied as moot.

### IV.   REQUEST FOR CERTIFICATE OF APPEALABILITY

Rule 22 of the Federal Rules of Appellate Procedure requires that an applicant who files a notice of appeal *in a habeas proceeding* must obtain a certificate of appealability under 28 U.S.C. § 2253(c), or a statement why a certificate should not issue, from the district judge who rendered judgment in the action. Fed. R. App. P. 22(b) (emphasis added). Plaintiff requests a certificate of appealability. However, because Plaintiff's case is a civil rights action under 42 U.S.C. § 1983 and not a habeas proceeding, Rule 22 is not applicable. Therefore, Plaintiff's motion for a certificate of appealability shall be denied.

### V.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on August 27, 2014, is DENIED;
2. Plaintiff's motions for stay and for leave to amend are DENIED as moot; and
3. Plaintiff's request for a certificate of appealability, filed on August 27, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   **September 2, 2014**                       **/s/ Gary S. Austin**
                                                                     UNITED STATES MAGISTRATE JUDGE